IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRANDON LOGAN, et al.          :          CIVIL ACTION
                               :
          v.                   :
                               :
ALLSTATE PROPERTY & CASUALTY   :          NO. 25-1207
INSURANCE COMPANY              :

MEMORANDUM

Bartle, J.                                      May 8, 2025

        Plaintiffs Brandon Logan and Grettel Mendoza
originally brought this action against defendant Allstate
Property & Casualty Insurance Company ("Allstate") in the Court
of Common Pleas of Philadelphia County.  Allstate timely removed
this diversity action pursuant to 28 U.S.C. § 1441.  Plaintiffs
allege that Allstate breached the terms of their insurance
policy and acted in bad faith under 42 Pa. Cons. Stat. § 8371 in
denying their claim.  Plaintiffs amended their complaint as a
matter of right on March 27, 2025 (Doc. # 11).

        Before the court is the motion of Allstate to dismiss
plaintiffs' bad faith claim (Count II) pursuant to Rule 12(b)(6)
of the Federal Rules of Civil Procedure (Doc. # 15).

                              I

        For present purposes, the court must accept as true
all well-pleaded facts in plaintiffs' amended complaint.  Bell
Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The court
may also consider "exhibits attached to the complaint and

matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)). When there is a document "integral to or explicitly relied upon in the complaint," it may also be considered as there is no concern of lack of notice to the plaintiff. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1426 (3d Cir. 1993) (quotation marks omitted)).

Plaintiffs must allege sufficient factual content to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The pleading must contain more than "labels and conclusions." Twombly, 550 U.S. 545. It must plead more than "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement." Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555) (internal quotations and alterations omitted).

II

Allstate issued an insurance policy covering plaintiffs' property at 4306 Sheffield Street, Philadelphia, Pennsylvania. Plaintiffs allege that the property suffered sudden and accidental direct physical loss caused by water on April 1, 2024 and by storm on April 3, 2024.

Following the losses, plaintiffs contracted with Alliance Adjustment Group ("AAG") to estimate the cost of the damage.  During an inspection by a representative of AAG, plaintiffs aver that the adjuster saw actual direct physical water damage to the property's interior, which included evidence of water behind building materials.

Plaintiffs also contracted with In-Depth Restoration ("In-Depth") to mitigate these damages.  In connection with the April 1 water damage, In-Depth demolished areas, tore out water-damaged building materials to prevent mold growth, extracted water, ran equipment to dry out the home's interior, and applied anti-microbial agents to prevent mold growth.  In connection with the April 3 storm damage, In-Depth completed the same repairs as for the April 1 water damage and also installed temporary patches to the storm-damaged roof.

After these repairs were made, Allstate inspected the property with AAG.  The representative from AAG showed Allstate all areas of damage from the loss.  Allstate was also provided with information pertaining to In-Depth's mitigation services.

As a follow-up to the inspection, AAG emailed Allstate on May 7, 2024 to provide its estimates of the repairs' costs and evidence of the damage incurred.  On June 28 and 30, 2024, Allstate denied both claims via "virtually identical" letters in which it wrote that the losses were not sudden or accidental and

-3-

that it was "unable to confirm the damages to the home because there are no supporting photos showing water damage to the home prior to demo being performed." Plaintiffs, however, aver that they showed Allstate evidence of storm and water damage and that Allstate "intentionally or recklessly misinterpreted" that there was no water damage and that such losses were not covered under the policy.

Plaintiffs allege that Allstate breached the terms of its insurance policy and acted in bad faith in denying their claim as it "acted in an obstructive, deceitful and dilatory manner," "treated Plaintiffs with reckless indifference and disregard under the circumstances," and "had no reasonable basis for denying benefits under the policy and it knowingly or recklessly disregarded its lack of reasonable basis when it deprived Plaintiffs of policy benefits."

III

The Pennsylvania bad faith statute, 42 Pa. Cons. Stat. § 8371, states that:

> In an action arising under an insurance
> policy, if the court finds that the insurer
> has acted in bad faith toward the insured,
> the court may take all of the following
> actions:
> (1) Award interest on the amount of the
>     claim from the date the claim was made by
>     the insured in an amount equal to the
>     prime rate of interest plus 3%.
> (2) Award punitive damages against the
>     insurer.

    (3) Assess court costs and attorney fees
        against the insurer.

The statute does not define bad faith.

        The Superior Court of Pennsylvania explained that to
prevail on a bad faith claim under Section 8371, a plaintiff
must prove by clear and convincing evidence that the insurer:
(1) did not have a reasonable basis for denying benefits under
the policy; and (2) knew or recklessly disregarded its lack of
reasonable basis in denying the claim.  Terletsky v. Prudential
Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994).
The statute protects against any instances of bad faith by an
insurer occurring during its handling of the claim.  O'Donnell
v. Allstate Ins. Co., 734 A.2d 901, 906 (Pa. Super. Ct. 1999).
It also encompasses a broad range of insurer conduct, including
unreasonable delay in evaluating claims, failure to communicate
with the insured, frivolous refusal to pay, inadequate
investigation into the factual basis of the insurance claim, and
failure to conduct legal research concerning coverage.  Smith v.
Allstate Ins. Co., 904 F. Supp. 2d 515, 524 (W.D. Pa. 2012).

        An insurer can defeat a claim of bad faith by showing
that it had a reasonable basis for its decision to deny payment
or that it lacked the required intent.  Id.  Regarding the
requisite intent, it is not necessary that the insured's refusal
to pay rises to the level of fraud.  Terletsky, 649 A.2d at 688.

                              -5-

However, mere negligence or bad judgment is not bad faith.  Id.
at 688-89.

Allstate argues that plaintiffs' amended complaint is
factually insufficient to support a claim of bad faith because
plaintiffs fail to include the "where, when and how" of
defendant's bad faith.  See Ream v. Nationwide Prop. & Cas. Ins.
Co., NAIC, Civ. A. No. 19-768, 2019 WL 4254059, at *4 (W.D. Pa.
Sept. 9, 2019); see also Krantz v. Peerless Indemnity Ins. Co.,
Civ. A. No. 18-3450, 2019 WL 1123150, at *4 (E.D. Pa. Mar. 12,
2019).  In its reply, Allstate further characterizes plaintiffs'
allegations, arguing that the amended complaint closely
parallels that in Rosenstock v. Allstate Vehicle & Property
Insurance Co., Civ. A. No. 24-4844 (E.D. Pa. Apr. 18, 2025)
(Doc. # 11) ("Order, Rosenstock").  Allstate maintains that
there, my colleague Judge Paul S. Diamond granted a motion to
dismiss on the ground that that plaintiffs' "bare-bones
conclusory allegations were not accompanied by factual
allegations."

Allstate characterizes plaintiffs' allegations too
narrowly.  In Ream, plaintiffs allege that they submitted a
claim for underinsured motorist benefits, as well as "various
medical and economic reports and documents."  Two months later,
they made a written demand.  Ream, 2019 WL 4254059, at *1.
Plaintiffs there did not aver whether they received any

-6-

communication from defendant or any information regarding its decision not to cover plaintiffs' claim.  Id.  They alleged that defendant engaged in bad faith conduct through a list of "conclusory acts and omissions" which the court concluded were insufficient to state a plausible basis for relief.  Id. at *3. Similarly, in Krantz the court dismissed plaintiff's bad faith claim because he made not only conclusory allegations but also failed to aver facts to show defendant's bad faith conduct. 2019 WL 1123150, at *4.

      Plaintiffs' claim of bad faith is predicated on Allstate's denial of both claims because "there are no supporting photos showing water damage to the home prior to demo being performed."  Plaintiffs aver that they had provided Allstate with "information and documents about the mitigation services of In-Depth Restoration" at the inspection and "photos showing the damaged roof, and also photos showing clear and distinct water damage to the interior of the home."  Allstate denied both claims with this same reasoning despite the fact that the April 3 claim related to storm rather than water damage.  These allegations are more than legal conclusions and contain sufficient plausible facts that Allstate acted in bad faith by ignoring evidence contrary to its coverage decision, misrepresenting facts to plaintiffs, and denying their claim

without a reasonable basis.  The amended complaint provides "where, when and how" so as to survive a motion to dismiss.

Furthermore, this action is not analogous to Rosenstock.  There, plaintiffs argued that they alleged bad faith on the basis of its averments that Allstate "reneged on its promise" to fully replace their home's storm-damaged roof. Order, Rosenstock at 4.  The court found that this promise as alleged was contingent on the availability of shingles like those currently on the roof.  Since Allstate could not find a match for the shingles, Allstate, as plaintiffs alleged in their complaint, provided a "reasonable basis" for its failure to fully replace the roof.  Id.

As alleged here, Allstate has no reasonable basis for its denial.  Although it claimed in its letters that there were no photographs of the home's water damage prior to In-Depth's mitigation work, plaintiffs allege they provided such photographs.  Although Allstate avers plaintiffs had a duty to request an inspection prior to any mitigation work, that factual allegation is not in plaintiffs' complaint and therefore is not properly before the court.  Taking only plaintiffs' allegations as true, Allstate did not have a reasonable basis for the denial of his claim.

Allstate also argues that paragraphs 37 through 47 are conclusory statements which are insufficient allegations.  In

summary, those averments outline that Allstate "acted in an obstructive, deceitful and dilatory manner," that it "treated Plaintiffs with reckless indifference," that it "had no reasonable basis for denying benefits under the policy and it knowingly or recklessly disregarded its lack of reasonable basis," and that it "committed bad faith" in denying their claims.  These allegations are supported by plaintiffs' factual description of Allstate's conduct in denying plaintiffs' claims.

Plaintiffs have stated that Allstate acted in bad faith pursuant to 42 Pa. Cons. Stat. § 8371.  The motion of Allstate to dismiss Count II of the second amended complaint will be denied.  Whether plaintiffs will be able to prove bad faith must await another day.